IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN

ALEXANDRA PERZ,
4457 S. 110 Street
Greenfield, WI 53228,

       Plaintiff,

v.                Case No. 20-CV-217

IDEAL IMAGE DEVELOPMENT
CORPORATION
1 North Dale Mabry Highway
Suite 1200
Tampa, FL 33609,

-and-

IDEAL IMAGE OF WISCONSIN, LLC,
1 North Dale Mabry Highway
Suite 1200
Tampa, FL 33609,

       Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, Alexandra Perz ("Perz"), by and through her attorneys, Bosshard Parke Ltd., and files this Complaint pursuant to 28 U.S.C. § 2201, against Ideal Image Development Corporation and Ideal Image of Wisconsin, LLC, (collectively, "Ideal Image") seeking a declaratory judgment that an Employment Agreement, entered into between the parties

1

in or around November 2018, is illegal, void, and unenforceable under Wisconsin law and its restrictive covenant statute, Wis. Stat. § 103.465, and, even if enforceable, Perz is not in breach of any of its terms.

## INTRODUCTION

1. This action is necessitated after Ideal Image's attempt to deprive the Plaintiff, a Wisconsin citizen, of her right to work in Wisconsin by threatening to enforce an Employment Agreement containing restrictive covenants that are patently unreasonable, overbroad, and contrary to Wisconsin law. Worse, Ideal Image seeks to evade Wisconsin law and Wisconsin courts entirely by forcing the Plaintiff, under the terms of the Employment Agreement, to litigate in Florida, under Florida laws, which do not provide employees the same level of protection as Wisconsin law and courts.

2. Wisconsin law does not allow its citizens to be harmed by such efforts. Under the express authority of *Beilfus v. Huffy Corp.*, 2004 WI App 118, Wisconsin citizens who live, work, and perform contracts in this state are protected by Wisconsin law and policy, and have the right to adjudicate any attempt to interfere with their livelihoods in Wisconsin courts. As such, and with a live dispute that threatens to interfere with her right to make a living, Perz is entitled to a declaration that the post-employment restrictions she agreed to with Ideal Image are unenforceable under Wisconsin law, and, even if the restrictions were enforceable, that she has not violated them.

## PARTIES

3. The Plaintiff, Alexandra Perz, is an adult Wisconsin citizen who resides at 4457 S. 110th Street, Greenfield, Wisconsin. Perz has been a citizen of Wisconsin her entire life and has never lived outside the State of Wisconsin. She is registered to vote in Wisconsin and has a driver's license

2

issued by the State of Wisconsin.

4. Upon information and belief, Ideal Image Development Corporation is a Delaware corporation with its principal place of business at 1 North Dale Mabry Highway, Suite 1200, Tampa, FL 33609. Ideal Image Development Corporation is engaged in the business of *Med-Spa* (i.e. providing medical-grade aesthetic procedures in a relaxing environment).

5. Upon information and belief, Ideal Image of Wisconsin, LLC, is a Delaware limited liability company, with its principal place of business also at 1 North Dale Mabry Highway, Suite 1200, Tampa, FL 33609. Ideal Image of Wisconsin, LLC, is engaged in the business of *Med-Spa* (i.e. providing medical-grade aesthetic procedures in a relaxing environment).

6. Upon further information and belief, Ideal Image of Wisconsin, LLC has three members, none of whom are Wisconsin citizens, but rather are each citizens of the State of Florida. According to the LLC's Annual Report filed with the Wisconsin Department of Financial institutions (a true and correct copy of which is attached as **Exhibit A**), the LLC's members include as follows:

    a. Leonard Fluxman
       1 North Dale Mabry Hwy, Suite 1200
       Tampa, Florida 33609

    b. Stephen Lazarus
       1 North Dale Mabry Hwy, Suite 1200
       Tampa, Florida 33609

    c. Robert Boehm
       1 North Dale Mabry Hwy, Suite 1200
       Tampa, Florida 33609

### JURISDICTION AND VENUE

7. This Court has a diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.00. The amount

3

in controversy exceeds $75,000.00 because the restrictive covenants of the Employment Agreement, if enforced, would deprive the Plaintiff of the income from her current position with her current employer until October 25, 2021. At her current position, Perz earns $30.00 per hour, working full time, which is approximately $62,400.00 per year. This amount does not include any commissions or bonuses that she makes in addition to her hourly rate. With twenty-one (21) months remaining under the terms of the Employment Agreement, Perz would be deprived of no less than $109,200 of income if the restrictive covenants were enforced against her.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the action occurred in this District.

## FACTUAL ALLEGATIONS

9. Perz is the former employee of Ideal Image and worked for Ideal Image as a Registered Nurse in its Greenfield, Wisconsin location from December 2018 to October 25, 2019, when she resigned.

10. Before Ideal Image agreed to employ Perz, it forced her to sign an "Employee Obligation Agreement" (the "Agreement"), which contained a number of restrictions on her employment and activities after she left Ideal Image's employ. A true and correct copy of the Agreement is attached hereto as **Exhibit B.**

11. Although the Agreement states it was entered into in the State of Florida, Perz was given the Agreement, and she signed the Agreement, in Wisconsin.

12. Perz has never visited Florida in connection with the Agreement.

13. The restrictions contained in the Agreement stated that, for a period of two (2) years following the termination of her employment, Perz would not, within 40 miles of any Ideal Image location where she worked or was assigned:

4

a. "be employed by, associated with, or in any manner connected with … any business which competes with [Ideal Image] or is engaged in or carries on Covered Services";

b. "be employed by, associated with, or in any manner connected with … any organization or company that advertises or represents that it has three or more locations, and competes with [Ideal Image] or otherwise offered Cover Services";

c. "directly or indirectly: (i) solicit business of the same or similar type as that of the Covered Services … from any person or entity who is a customer, sponsor, vendor, supplier, or client (including actively sought prospects) of [Ideal Image]; (ii) assist, promote, request, advise or encourage any current, former, or prospective employees, customers, sponsors, suppliers, clients, vendors, independent contractors, or agents (including actively sought prospects) of [Ideal Image] to withdraw, curtail, cancel, terminate, or discontinue its business dealings or relationship with [Ideal Image]; or (iii) solicit, attempt to solicit, attempt to compete for, or otherwise interfere in any way with [Ideal Image's] relationships with its employees, customers, sponsors, suppliers, clients, independent contractors, or agents (including actively sought prospects)"; or

d. "directly or indirectly, recruit, hire, offer to hire, employ, or solicit any employee or former employee of [Ideal Image] or otherwise induce or encourage any employee of [Ideal Image] to leave his or her employment with [Ideal Image]"

14. The Agreement further stated that Perz would not

"at any time whatsoever … disclose, directly or indirectly, to any person or entity, or use or authorize any person or entity to use" any of Ideal Image's Confidential Information, which as defined in the Agreement, includes, but is not limited to, identities of clients, products under development, pricing and cost information, marketing strategies, and other information relating to [Ideal Image] or any of the related entities that could be reasonably regarded as confidential."

15. These restrictions are patently unreasonable, overbroad, and contrary to Wisconsin law, as they are not calculated to protect the employer's competitive business interest but rather are calculated to intimidate and harass its employees and former employees.

16. Perz resigned her position with Ideal Image on October 25, 2019.

17. Thereafter, Perz obtained new employment with Aqua Beauty Lounge & Med Spa,

5

which is located approximately twenty-one (21) miles away from the Greenfield, Wisconsin Ideal Image location, where she was formerly employed.

18. At Beauty Lounge & Med Spa, Perz make $30.00 per hour working full time, or approximately $62,400.00 per year. This amount does not include bonuses and commissions she is further entitled to.

19. Beauty Lounge & Med Spa does not compete with Ideal Image or offer the same services as Ideal Image, nor does Perz work in the same capacity for Beauty Lounge & Med Spa as she did for Ideal Image.

20. On or about December 23, 2019, Perz received a letter from Ideal Image's attorney claiming that she had violated her obligations to Ideal Image under the Agreement and demanding that she take all steps necessary to end her employment by, and involvement with, Aqua Beauty Lounge & Med Spa. A true and correct copy of this letter is attached hereto as **Exhibit C.**

21. Upon information and belief, Ideal Image seeks to enforce a Florida choice of law and venue clause in the Agreement against Perz and to litigate in Florida to enjoin her from working in Wisconsin.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment (28 U.S.C. § 2201))

22. The allegations set forth above in paragraphs 1-21 are incorporated herein by reference.

23. As a party to the Agreement, Perz seeks a declaration from the Court as to the validity of the Agreement, as well as a declaration of her rights, status or other legal relations thereunder, pursuant to 28 U.S.C. § 2201.

24. A legal controversy exists between Perz and Ideal Image over the validity of the

6

Agreement, whether she is breaching the Agreement, how the Agreement should be interpreted, and whether Wisconsin law (not Florida law) applies to the Agreement.

25. The legal controversy surrounding the enforceability of the Agreement is ripe for adjudication.

26. A determination as to whether or not the Agreement is enforceable and/or is being breached under applicable law will terminate the controversy and remove any uncertainty between the parties.

27. In fact, the Agreement is not being breached and is unenforceable under Wisconsin law.

28. And, as the State with the most significant contacts to this matter, Wisconsin's law applies to this Agreement.

29. The Agreement violates Wisconsin's strong public policy limiting post-employment restrictions as expressed in Wisconsin law and Wis. Stat. § 103.465.

30. By contrast, case law in Florida permits judges to "blue pencil" or modify restrictive covenant agreements between contracting parties, which is precluded under Wisconsin law.

31. Under Wisconsin law and 28 U.S.C. 2201, Perz is entitled to a declaration that the Agreement's post-employment restrictions are unenforceable and that she is not in breach of any such restrictions.

WHEREFORE, Perz respectfully requests that the Court provide the following relief:

A. Entering an Order declaring the Agreement void and unenforceable pursuant to Wis. Stat. § 103.465;

B. Alternatively, entering an Order declaring that the Plaintiff is not in violation of the Agreement;

C. Awarding the Plaintiff any and all available costs and attorneys' fees incurred; and,

D. Awarding such other and further relief as this Court deems just and equitable.

Dated this 12th day of February, 2020

**BOSSHARD PARKE LTD.**

*Attorney for the Plaintiff*

By /s/. Justin W. Peterson
Justin W. Peterson (SBN 1087366)
750 3rd Street North, Suite A
P.O. Box 966
La Crosse, WI 54602-0966
Telephone: (608) 782-1469
Fax: (608) 784-1561
jpeterson@bosshardparkelaw.com

8